■ CARMEN MIRANDA, Respondent, v CITY OF NEW YORK, Appellant. [683 NYS2d 129] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated September 2, 1997, which, upon a jury verdict on the issue of liability finding the defendant to be 53% at fault in the happening of the accident and the plaintiff to be 47% at fault, and a jury verdict on the issue of damages finding that the plaintiff sustained damages in the sum of $1,016,710, is in favor of the plaintiff and against it in the net principal sum of $1,016,710.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff allegedly sustained injuries when she tripped and fell on a sidewalk on New Year's Day 1990. After a bifurcated trial, the jury found the defendant to be 53% at fault in the happening of the accident and the plaintiff to be 47% at fault. At the damages phase of the trial, the plaintiff testified that she visited a hospital emergency room two days after the accident, complaining of back pain, but left before receiving any treatment. The plaintiff also testified that she worked five or six days and then visited the Greenpoint Clinic on January 12, 1990, complaining of severe pain, although an X-ray revealed negative findings. One week later, on January

19, 1990, the plaintiff returned to Greenpoint Clinic and complained of pain in her lower back radiating down her right leg. No diagnosis was rendered and the plaintiff was referred to an orthopedist.

However, the plaintiff did not see an orthopedist, nor did she seek any other medical attention. She then traveled to the Dominican Republic, where she stayed from February 19, 1990, to March 13, 1990, during which time she testified that she had surgery on her back and was discharged from the hospital on March 12, 1990.

Upon her return to the United States on March 13, 1990, the plaintiff again visited the Greenpoint Clinic complaining of mild pain. She also visited another physician that month complaining of post-surgical pain. On April 14, 1990, the plaintiff returned to the Dominican Republic and was rehospitalized there. Shortly after her return to the United States on May 23, 1990, the plaintiff went to Wyckoff Hospital with complaints of pain at the operation site, and from July 5, 1990, to July 21, 1990, she was hospitalized at the Kings County Hospital Center with a complaint of lower back pain. Thereafter, the plaintiff improved but was once again hospitalized in May and December of 1993 for back pain.

The records of the plaintiff's two Dominican Republic hospitalizations were not introduced into evidence at trial. However, one of the plaintiff's treating physicians testified, with a reasonable degree of medical certainty based on his clinical examination and X-rays, that the plaintiff had a herniated disc repaired in the Dominican Republic. Further, that doctor testified that the plaintiff's fall, which necessitated the surgery, proximately caused the complications from that surgery. Based on the treating physician's testimony, the plaintiff's other medical expert testified, with a reasonable degree of medical certainty, that the operation on the herniated disc necessitated the plaintiff's later medical treatment.

The defendant contends that the plaintiff failed to lay a proper foundation for the doctors' testimony since there was no proof other than the plaintiff's hearsay testimony of the alleged surgery in the Dominican Republic, and that the plaintiff's claims are unsubstantiated by any medical documentation from the Dominican Republic. The defendant contends, therefore, that the complaint should be dismissed as a matter of law. We agree.

Prior to the plaintiff's first trip to the Dominican Republic on February 19, 1990, there was no diagnosis that she had a herniated disc or that she needed surgery to correct any condi-

tion. Further, the plaintiff failed to produce competent medical proof of the causal connection between her medical condition and the defendant's alleged negligence. It is well settled that once an appeal from an adverse determination is properly presented to an appellate court, the court may fashion complete relief to the appealing party (*see, Hecht v City of New York,* 60 NY2d 57, 62; *Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787). Consistent therewith, we conclude that the jury verdict awarding damages to the plaintiff is not supported by sufficient evidence establishing a causal connection between the defendant's alleged negligence and the plaintiff's medical condition. Accordingly, the complaint is dismissed inasmuch as "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.