■ MIKHAIL DIMENSHTEYN, Plaintiff, and BASYA DIMENSHTEYN, Respondent, v ROSARIO CARUSO, Appellant. [694 NYS2d 66] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated May 29, 1998, as granted the motion by the plaintiff Basya Dimenshteyn for reargument, and upon reargument, vacated so much of its earlier order dated February 13, 1997, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Basya Dimenshteyn, and denied that branch of the motion.

Ordered that the order is modified, on the law, by deleting the provision thereof, which, upon reargument, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Basya Dimenshteyn and substituting therefor a provision upon reargument adhering to its original determination granting that branch of the motion and dismissing the complaint in its entirety; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

Although a disc herniation may constitute a serious injury (*see, Flanagan v Hoeg,* 212 AD2d 756), under the circumstances of this case, it would be sheer speculation to conclude the the accident on July 8, 1992, was the cause of Basya Dimenshteyn's disc herniations (*see, Waaland v Weiss,* 228 AD2d 435).

Although in his affirmed report dated September 24, 1997,

Dr. Yury Koyen noted that his physical examination of Ms. Dimenshteyn found, *inter alia*, "restriction of rotation of the neck to the left up to 40-45 degrees", the physician's affirmed report is insufficient to raise a triable issue of fact as to whether Ms. Dimenshteyn suffered a serious injury. The report does not provide any information concerning the nature of Ms. Dimenshteyn's medical treatment or any explanation for the gap of almost five years between her medical treatment in December 1992 and her subsequent visit to Dr. Koyen in September 1997 (*see, Marshall v Albano,* 182 AD2d 614). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.