■ ANTHONY EKUNDAYO et al., Respondents, v GHI AUTO LEASING CORP. et al., Appellants. [709 NYS2d 603] —In an action to recover damages for personal injuries, etc., the defendants GHI Auto Leasing Corp. and Nicholas Saccone appeal, and the defendant Mary C. Tate separately appeals, from a judgment of the Supreme Court, Nassau County (Segal, J.), entered May 13, 1999, which, upon the denial of their respective motions pursuant to CPLR 4401 for judgment as a matter of law, and a jury verdict, is in favor of the plaintiff Anthony Ekundayo and against them in the principal sum of $125,125 for past pain and suffering, $53,625 for future pain and suffering, and $46,250 for lost earnings, and in favor of the plaintiff Margaret Ekundayo and against them in the principal sum of $15,000.

Ordered that the judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the defendants' respective motions for judgment as a matter of law are granted, and the complaint is dismissed.

The injured plaintiff, Anthony Ekundayo (hereinafter the plaintiff), alleged that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of a May 22, 1992, automobile accident involving the defendants. The defendants contend, *inter alia,* that the complaint should have been dismissed for failure to make out a prima facie case, as the plaintiffs failed to establish a sufficient causal connection between the 1992 accident and the plaintiff's herniated disk, which was diagnosed in October 1996. We agree. Immediately after the accident, the plaintiff flew to London without seeking

medical treatment. After this action was commenced in 1995, a magnetic resonance image and an electromyograph taken in October 1996 revealed a herniated disk at the L5-S1 region with a S1 nerve root impairment radiating into the plaintiff's left calf muscle. The plaintiff, a Nigerian citizen, submitted no medical records of any treatment he received while abroad for the period from May 1992 through October 1996. It was undisputed that no physician diagnosed the plaintiff as suffering from a herniated disk at any point prior to October 1996, despite the fact that the plaintiff allegedly sought and received medical treatment in London and in Nigeria, where he was treated both by his family doctor and at a hospital.

Although a disk herniation may constitute a serious injury (*see, Flanagan v Hoeg*, 212 AD2d 756; *Jackson v United Parcel Serv.*, 204 AD2d 605), under the circumstances of this case, it was sheer speculation to conclude that the automobile accident which occurred on May 22, 1992, was the proximate cause of the plaintiff's October 1996 disk herniation (*see, Dimenshteyn v Caruso*, 262 AD2d 348; *Miranda v City of New York*, 256 AD2d 605; *Bocci v Turkowitz*, 255 AD2d 476; *Cacaccio v Martin*, 235 AD2d 384; *Waaland v Weiss*, 228 AD2d 435). The record does not contain any medical records of the plaintiff's treatment from May 1992 until October 1996, or any explanation for the gap of approximately four years between the accident and his visits to Dr. Braunstein and Dr. Peyster in October 1996 (*see, Dimenshteyn v Caruso, supra*, at 349; *Bocci v Turkowitz, supra*). The plaintiffs' expert testimony supported only a conclusion that the plaintiff suffered a herniated disk at some time before October 1996 (*see, Andre v Seem*, 234 AD2d 325). Accordingly, the complaint must be dismissed inasmuch as the plaintiffs did not make out a prima facie case. There is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the evidence presented at trial (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Miranda v City of New York, supra*, at 607; *cf., Mattei v Kennedy*, 243 AD2d 690).

In light of this determination, it is unnecessary to reach the defendants' remaining contentions. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.