■ EDWARD DiCAMILLO, JR., Respondent, v COUNTY OF NASSAU, Appellant. [741 NYS2d 253] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Joseph, J., at liability trial; Dunne, J., at damages trial), dated September 28, 2000, as, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $544,000.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the sole issue of apportionment of liability between the defendant and the plaintiff's coemployee, nonparty Richard Ribarik.

The plaintiff was injured in the course of his employment while on premises leased by the defendant, Nassau County. At trial, the jury found that the County was negligent and awarded damages to the plaintiff. On appeal, the County

contends that the failure to allow the jury to consider the liability of Richard Ribarik, a nonparty coemployee of the plaintiff, who was involved in the accident at issue, nor to apportion liability to that nonparty, was reversible error. We agree.

The relevant statutory provisions, CPLR 1601 and 1602, were amended effective September 10, 1996, as part of the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635). This action was commenced in 1995, before the effective date of the amendment. Since the amendment applies prospectively only (*see Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 582; *Brown v State of New York,* 268 AD2d 548), the preamendment provisions must be considered in resolving this issue.

Pursuant to CPLR 1601 (1), in an action to recover damages for personal injuries, a defendant whose proportionate share of the fault is 50% or less is liable for a plaintiff's noneconomic loss only to the extent of such proportionate share. Generally, the relative culpability of each person causing or contributing to the total liability for noneconomic loss was taken into account, not merely the culpability of those persons who were made defendants in the action (*see Brown v State of New York, supra*; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1601:2, at 606). Before the amendment, the statute provided that the culpable conduct of a nonparty was excluded from consideration only if the plaintiff proved that, despite due diligence, he or she was unable to obtain personal jurisdiction in the action over the nonparty (*see Brown v State of New York, supra*; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1601:2, at 606). Workers' Compensation Law § 11, which bars an employee from suing an employer to recover damages for an injury sustained in the course of employment, and precludes the defense of a fellow employee's negligence, does not constitute an inability to obtain personal jurisdiction within the meaning of the former CPLR 1601 (*see Brown v State of New York, supra*; *Duffy v County of Chautauqua,* 225 AD2d 261, 266). Moreover, the exception contained in former CPLR 1602 (4) is not applicable here, since it refers only to circumstances where the person protected by the Workers' Compensation Law was impleaded in the action (*see* CPLR former 1602 [4]; *Brown v State of New York, supra*; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1601:4, at 608). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new trial on the sole is-

sue of apportionment of liability between the defendant and the plaintiff's coemployee, nonparty Richard Ribarik.

The parties' remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.