■ Scott W. Freese, Respondent, v Dawn A. Maffetone et al., Appellants. [756 NYS2d 70] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated June 17, 2002, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On June 25, 1996, the plaintiff was operating a vehicle which was stopped in traffic on Montauk Highway, when it was struck in the rear by a vehicle owned and operated by the defendant Michael A. Maffetone. As a result of the impact, the plaintiff's car was pushed into the vehicle which was stopped in front of it. The plaintiff was taken to Southampton Hospital, X rays were taken, and he was discharged. After two days, the plaintiff returned to work. The plaintiff was treated by a physician for six months.

Five days after the accident, the plaintiff was involved in a second motor vehicle accident in which his car was hit on the driver's side by a drunk driver. The plaintiff sustained injuries to the lower and upper parts of his back and again went to Southampton Hospital. The medical expenses were paid by the other driver's insurance company and the plaintiff did not commence an action to recover damages for personal injuries sustained in the second accident.

On May 4, 1999, the plaintiff commenced this action, seeking damages for personal injuries sustained in the first accident. The defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury was denied. We reverse.

The defendants established their prima facie entitlement to summary judgment dismissing the complaint by submitting the affirmed report of their examining orthopedist which demonstrated that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler,* 79 NY2d 955 [1992]). Moreover, the magnetic resonance imaging taken December 3, 1996, indicates no evidence of disc herniation or nerve root compression.

The plaintiff further failed to provide any evidence that his injuries were proximately caused by the first collision and not the second one (*see Narducci v McRae,* 298 AD2d 443 [2002]; *Williams v Hasenflue,* 272 AD2d 470 [2000]; *Bocci v Turkowitz,* 255 AD2d 476 [1998]). It was speculation to conclude that the first automobile accident was the proximate cause of any of the plaintiff's alleged injuries (*see Ekundayo v GHI Auto Leasing Corp.,* 273 AD2d 346 [2000]; *Dimenshteyn v Caruso,* 262 AD2d 348 [1999]; *Miranda v City of New York,* 256 AD2d 605 [1998]). Therefore, the defendants' motion for summary judgment dismissing the complaint should have been granted. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.