■ ANNE VIVIANI, Respondent, v CITY OF YONKERS, Appellant, and VINCENT COSTA et al., Respondents. [757 NYS2d 306] —In action to recover damages for personal injuries, the defendant City of Yonkers appeals from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered March 8, 2001, which, inter alia, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it and a jury verdict finding it at fault in the happening of the accident, is in favor of the plaintiff and against it in the principal sum of $200,000 ($25,000 for medical expenses and $175,000 for past pain and suffering).

Ordered that the judgment is reversed, on the law, the facts, and as a matter of discretion, without costs or disbursements, and (1) a new trial is granted on the issue of the apportionment of fault as between the plaintiff and the defendant City of Yonkers, and (2) a new trial is granted on the issue of damages for medical expenses only unless, within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to such damages from the sum of $25,000 to the sum of $13,509, and to the entry of an appropriate amended judgment in her favor after the trial on the issue of the apportionment of fault between the plaintiff and the defendant City of Yonkers; in the event the plaintiff so stipulates, then the damages portion of the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry, after the trial on the issue of the apportionment of fault between the plaintiff and defendant City of Yonkers, of an appropriate amended judgment accordingly.

The plaintiff commenced this action to recover damages arising from a trip and fall on a public sidewalk. The defendant City of Yonkers was the owner of the sidewalk, the defendant Vincent Costa was the owner of property abutting the sidewalk, and the defendant Thomas Mascioli is a former tenant of the property. After a trial, the jury rendered a verdict on liability and judgment was entered in favor of the plaintiff and against the City in the principal sums of $25,000 for medical expenses and $175,000 for past pain and suffering.

Contrary to the City's contention, the Supreme Court properly denied its motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as

asserted against it at the close of evidence on the issue of liability (*see* CPLR 4401). Viewing the evidence in the light most favorable to the plaintiff, and giving her the benefit of every favorable inference, there was a rational process by which the jury could have found both that the City had notice of the defect and that the defect was actionable (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Smith v A.B.K. Apts.,* 284 AD2d 323 [2001]; *Guerrieri v Summa,* 193 AD2d 647 [1993]). Thus, the finding of liability as against the City of Yonkers was proper.

However, a new trial on the issue of the apportionment of fault is required due to unresolved jury confusion. The jury found that the City, Costa, and the plaintiff were all negligent, but that only the negligence of the City was a proximate cause of the damages alleged. However, despite finding a lack of proximate cause as to the negligence of Costa and the plaintiff, the jury apportioned each 15% of the total fault. The Supreme Court, based on its conclusion that the jury erroneously equated negligence with liability, held the City 100% at fault in the happening of the accident and dismissed the action as against Costa and Mascioli. This was error. The verdict was inconsistent and demonstrated substantial juror confusion that should have been resolved by resubmission of the case to the jury for further consideration (*see* CPLR 4111 [c]; *Roberts v County of Westchester,* 278 AD2d 216 [2000]; *Clarke v Order of Sisters of St. Dominic,* 273 AD2d 431 [2000]; *Bahadur v G.C. Constr. Corp.,* 265 AD2d 514 [1999]; *DePasquale v Morbark Indus.,* 254 AD2d 450 [1998]). On the record, the jury's intent as to the apportionment of fault among the parties found negligent cannot be determined. Thus, a new trial on that issue is required. However, the trial should be limited to the apportionment of fault as between the plaintiff and the City.

We agree with Costa's contention that no valid line of reasoning or permissible inferences could have led a rational jury to conclude that he was liable on the theory argued, i.e., that he made or had knowledge of a special use of the sidewalk and that such special use was a proximate cause of the defect at issue (*see Infante v City of New York,* 258 AD2d 333 [1999]; *Miranda v City of New York,* 256 AD2d 605 [1998]). The action should have been dismissed as against Costa on this alternative ground (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]; *Tarazi v Exxon Corp.,* 269 AD2d 385 [2000]). Similarly, contrary to the City's contention, as to Mascioli, a valid line of reasoning and permissible inferences could

have led a rational jury to conclude that Mascioli either did not make special use of the sidewalk or that such special use was not a proximate cause of the defect at issue (*see Infante v City of New York, supra*; *Miranda v City of New York, supra*). Thus, the dismissal of the action as against Mascioli was proper. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new trial on the issue of the apportionment of fault as between the plaintiff and the City of Yonkers only (*see DiCamillo v County of Nassau,* 293 AD2d 563 [2002]; *Placakis v City of New York,* 289 AD2d 551 [2001]; *Glassman v City of New York,* 225 AD2d 658 [1996]).

Finally, since the sole evidence of the plaintiff's medical expenses was a hospital bill in the amount of $13,509, the jury award for medical expenses deviated materially from what would be reasonable compensation to the extent it exceeded $13,509 (*see O'Connor v Rosenblatt,* 276 AD2d 610 [2000]; *Lloyd v Russo,* 273 AD2d 359 [2000]). Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.