■ VICTOR PONCE, Appellant, v RALPH V. MAGLIULO et al., Respondents. [781 NYS2d 703]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of Supreme Court, Nassau County (Winslow, J.), dated September 29, 2003, as granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the affirmed medical reports of their examining physicians (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The affirmation of the plaintiff's physician submitted in opposition to the defendants' cross motion was insufficient to raise a triable issue of fact. The plaintiff's physician, who first examined the plaintiff more than two years after the accident and more than two months after the defendants cross-moved for summary judgment, improperly relied upon a number of unsworn medical reports in arriving at his diagnosis (see Friedman v U-Haul Truck Rental, 216 AD2d 266 [1995]), and failed to account for the plaintiff's medical history of neck and back injuries in a motor vehicle accident just one year before the instant accident (see Dimenshteyn v Caruso, 262 AD2d 348 [1999]).

Moreover, the plaintiff failed to submit any competent medical evidence which would support a claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (see Sainte-Aime v Ho, 274 AD2d 569 [2000]; Jackson v New York City Tr. Auth., 273 AD2d 200 [2000]; Greene v Miranda, 272 AD2d 441 [2000]; Arshad v Gomer, 268 AD2d 450 [2000]; Bennett v Reed, 263 AD2d 800 [1999]; DiNunzio v County of Suffolk, 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judg-

ment dismissing the complaint. Smith, J.P., S. Miller, Adams, Rivera and Lifson, JJ., concur.