■ Dorothy M. Houston, Appellant, v Peter Gajdos et al., Respondents. [782 NYS2d 839]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated October 7, 2003, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury through the affirmations of a neurologist and an orthopedist, both of whom examined the plaintiff almost five years after the accident and found no evidence of disability or impairment (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In addition, the defendants' radiologist, who read the magnetic resonance imaging films of the plaintiff's cervical spine taken shortly after the accident, concluded that the films showed only preexisting conditions.

The affirmation of the plaintiff's doctor and the affidavit of the plaintiff's chiropractor submitted in opposition to the defendants' motion failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury. The plaintiff's doctor based his opinion upon his examination of the plaintiff two days after the accident. The plaintiff's chiropractor failed to adequately account for the almost five-year gap between the end of the plaintiff's medical treatment with the chiropractor and the chiropractor's most recent examination of the plaintiff (*see Jimenez v Kambli*, 272 AD2d 581, 582 [2000]; *Smith v Askew*, 264 AD2d 834 [1999]), and failed to account for the serious neck, shoulder, and back injuries sustained by the plaintiff in one or more of his three prior motor vehicle accidents (*see Ponce v Magliulo*, 10 AD3d 644 [2004]; *Mahoney v Zerillo*, 6 AD3d 403 [2004]; *Dimenshteyn v Caruso*, 262 AD2d 348 [1999]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability. Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.