■ CANDY MEDINA, Respondent, v CITY OF NEW YORK, Appellant. [788 NYS2d 410]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (F. Rivera, J.), entered April 17, 2003, which, upon a jury verdict awarding the plaintiff damages in the sums of $1,500,000 for past pain and suffering and $175,000 for past medical expenses, and upon the denial of its motion pursuant to CPLR 4404 (a) for judgment as a matter of law, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff alleged that she sustained injuries as a result of two incidents in which a police attendant allegedly shoved her while she was briefly incarcerated. At trial, the plaintiff offered the testimony of a her treating neurosurgeon, who opined that the subject injuries were "related to" trauma suffered as a result of the plaintiff having been "forced down." However, as

evidenced by the verdict sheet, the jury found that the police attendant did not push the plaintiff twice during her incarceration. The jury went on to find, however, that the defendant was "negligent in the treatment of [the] plaintiff while [she] was in [the defendant's] custody." The jury further concluded that "the defendant's negligence [was] a substantial factor in causing plaintiff to sustain [the] injuries."

Based on the evidence, there is simply no valid line of reasoning and permissible inferences that could possibly lead a rational jury to the conclusion that the defendant's negligent treatment of the plaintiff caused her injuries (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Indeed, the plaintiff failed to produce any medical evidence to this effect (*see Miranda v City of New York,* 256 AD2d 605, 607 [1998]). Accordingly, we reverse the judgment, and dismiss the complaint (*id.* at 607).

In light of our determination, we need not reach the defendant's remaining contention. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.