■ LUCIA C. ELIAS et al., Respondents, v MOSES B. MAHLAH, Appellant. [870 NYS2d 318]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered March 20, 2008, which denied defendant's motion for summary judgment dismissing the complaint for failure to meet the "serious injury" threshold of Insurance Law § 5102 (d), unanimously modified, on the law, the motion granted with respect to plaintiff Lucia Elias's direct claim, and granted with respect to plaintiff Abel Elias's claim only to the extent it alleged injuries preventing him from performing substantially all of the material acts that constituted his usual and customary activities for not less than 90 days during the first 180 days following the accident, and otherwise affirmed, without costs.

The motion court correctly determined that the evidence submitted by defendant failed to meet his initial burden of establishing prima facie that Abel Elias did not sustain a serious injury (*Korpalski v Lau*, 17 AD3d 536 [2005]). Defendant's own examining orthopedist reported finding evidence of Abel Elias's fracture, which he causally related to the accident. A fracture, by definition, constitutes a "serious physical injury"

under the statute and hence, defendant's motion was properly denied.

A different result is warranted, however, with respect to the claims under the 90/180 category of serious physical injury. In order to establish prima facie entitlement to summary judgment under this category of the statute, defendant must provide medical evidence of the absence of injury precluding 90 days of normal activity during the first 180 days following the accident (*see Sayers v Hot*, 23 AD3d 453 [2005]). However, we have previously held that a defendant can establish prima facie entitlement to summary judgment on this category without medical evidence by citing other evidence, such as the plaintiff's own deposition testimony or records demonstrating that he or she was not prevented from performing all of the substantial activities constituting customary daily activities for the prescribed period (*see Copeland v Kasalica*, 6 AD3d 253 [2004]). While defendant did not submit plaintiffs' deposition testimony in his original moving papers, relying instead on their bills of particulars, plaintiffs did submit their depositions in their opposition papers and defendant made reference to that testimony in his reply papers. Therefore, the issue was sufficiently before the court.

Here, Lucia Elias claimed injuries consisting of contusions to her sternum, right rib cage and right hip, and that she was confined to bed for one week and to her home for two weeks after the accident. Abel Elias testified that he was confined to home for a few days. There is no competent medical evidence before the court demonstrating that either plaintiff was unable to perform substantially all of their normal activities for at least 90 of the first 180 days as a result of the accident (*Ponce v Magliulo*, 10 AD3d 644 [2004]).

Therefore, defendant's motion with respect to this aspect of the claims should have been granted. Since this was Lucia Elias's only ground for a serious injury claim, her entire claim with regard to loss of consortium, should have been dismissed. Abel Elias's claim is viable only with regard to his fracture. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ.