■ MARIA CALDERON, Respondent, v EVERGREEN OWNERS, INC., et al., Appellants. [895 NYS2d 154]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Partnow, J.), entered October 29, 2008, which, upon the denial of their motion, in effect, pursuant to CPLR 4404 (a) for judgment as a matter of law, upon a jury verdict on the issue of liability in favor of the plaintiff and against them, and upon a jury verdict on the issue of damages finding, inter alia, that the plaintiff sustained damages for past pain and suffering in the principal sum of $175,000, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion, in effect, pursuant to CPLR 4404 (a) for judgment as a matter of law is granted, and the complaint is dismissed.

In December 1993 the plaintiff was living in an apartment building owned and/or managed by the defendants. Around that time, the people living below her apartment began smoking marijuana and other drugs, and the smoke would waft into the plaintiff's apartment. Although the plaintiff made numerous complaints to the defendants about the situation, the defendants failed to take any action. The jury found that the defendants were negligent in this regard.

At the damages phase of the trial, the plaintiff, who alleged that the smoke caused her to develop certain physical ailments, introduced her medical records into evidence. Those records showed that the plaintiff, who was 79 years old at the time of trial, had been diagnosed with certain medical conditions in the preceding few years.

A motion for judgment as a matter of law pursuant to CPLR 4404 (a) may be granted only when the trial court determines that, upon the evidence presented, there is no rational process by which the jury could find in favor of the nonmoving party (*see Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *Broadie v St. Francis Hosp.*, 25 AD3d 745 [2006]). In considering such a motion, the trial court must afford the nonmoving party every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to that party (*see Hamilton v Rouse*, 46 AD3d 514, 516 [2007]).

Here, viewing the evidence in the light most favorable to the plaintiff, who failed to produce any medical evidence connecting her medical conditions to the smoke, there was no rational process by which the jury could find that the defendants' negligence caused those medical conditions (*see Medina v City of New York*, 14 AD3d 496, 497 [2005]; *Miranda v City of New York*, 256 AD2d 605, 607 [1998]). Accordingly, the Supreme Court should have granted the defendants' motion, in effect, pursuant to CPLR 4404 (a) for judgment as a matter of law.

In light of our determination, we need not reach the defendants' remaining contentions. Covello, J.P., Santucci, Miller and Eng, JJ., concur.