■ MICHAEL H. SPECTOR, AIA, P.C., Doing Business as THE SPECTOR GROUP, Respondent-Appellant, v BILLY SMITH'S SPORT CENTER, INC., et al., Appellants-Respondents, and ABRAHAM ZION, Respondent. [944 NYS2d 232]—

In an action to recover damages for breach of contract, unjust enrichment, quantum meruit, and on an account stated, the defendants Billy Smith's Sport Center, Inc., and Mark Zion appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (McCarty III, J.), dated May 14, 2010, as, upon a jury verdict, and upon so much of an order of the same court dated March 26, 2010, as denied those branches of the motion of the defendants Mark Zion and Abraham Zion which were pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the causes of action for unjust enrichment and quantum meruit insofar as asserted against them, is in favor of the plaintiff and against the defendants Mark Zion and Abraham Zion in the principal sum of $251,777.46, and the plaintiff cross-appeals from so much of the same judgment as, upon so much of the order dated March 26, 2010, as granted those branches of the motion of the defendants Mark Zion and Abraham Zion which were pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the causes of action to recover damages for breach of contract and to recover on an account stated insofar as asserted against those defendants, is, in effect, in favor of those defendants and against it dismissing those causes of action.

Ordered that the appeal by the defendant Billy Smith's Sport Center, Inc., is dismissed, as it is not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed on the appeal by Mark Zion and insofar as cross-appealed from, without costs or disbursements.

" 'Before granting a motion pursuant to CPLR 4404 (a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial' " (Capwell v Muslim, 80 AD3d 722, 723

[2011], quoting *Perez v St. Vincents Hosp. & Med. Ctr. of N.Y.*, 66 AD3d 663, 664 [2009]).

The Supreme Court properly denied those branches of the motion of the defendants Mark Zion and Abraham Zion (hereinafter together the individual defendants) which were to set aside the verdict and for judgment as matter of law on the causes of action alleging unjust enrichment and quantum meruit insofar as asserted against them. With respect to the cause of action alleging unjust enrichment, the evidence presented at trial demonstrated that the individual defendants were enriched at the plaintiff's expense, and that it would be against equity and good conscience to permit them to retain this benefit without compensating the plaintiff (*see Zamor v L&L Assoc. Holding Corp.*, 85 AD3d 1154, 1156 [2011]). With respect to the cause of action alleging quantum meruit, the evidence presented at trial demonstrated that the plaintiff performed services in good faith, the individual defendants accepted these services, the plaintiff had an expectation of compensation for these services, and the services were reasonably valued (*see Tesser v Allboro Equip. Co.*, 73 AD3d 1023, 1025 [2010]).

Contrary to the plaintiff's contention, there is no valid line of reasoning or permissible inferences that could lead a rational person to the conclusion reached by the jury with respect to the causes of action to recover damages for beach of contract or to recover on an account stated. With respect to the cause of action alleging breach of contract, the evidence adduced at trial demonstrated that the parties had a mere agreement to agree, which is insufficient to bind either party (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109-110 [1981]; *Maffea v Ippolito*, 247 AD2d 366, 367 [1998]). With respect to the cause of action to recover on an account stated, the parties did not agree on a price that the individual defendants would pay for the plaintiff's services, and the plaintiff thus failed to establish a requisite element for recovery on a theory of account stated (*see Heelan Realty & Dev. Corp. v Ocskasy*, 27 AD3d 620 [2006]). Accordingly, the Supreme Court properly granted those branches of the individual defendants' motion which were pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the causes of action alleging breach of contract and to recover on an account stated insofar as asserted against them. Skelos, J.P., Florio, Belen and Sgroi, JJ., concur.