██ AGNES MCDONALD, Respondent-Appellant, v SARA KOHAN-FARS et al., Appellants-Respondents. [966 NYS2d 179]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Queens County (Lane, J.), dated November 22, 2010, which, inter alia, denied that branch of their motion which was pursuant to CPLR 4404 to set aside a jury verdict on the issue of damages and for judgment as a matter of law on the issue of serious injury, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion to set aside, as inadequate, the jury verdict awarding damages for past and future pain and suffering in the sum of $200,000.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 4404 to set aside the jury verdict on the issue of damages and for judgment as a matter of law on the issue of serious injury, and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

The plaintiff commenced this action to recover damages for injuries to her neck allegedly caused by an automobile accident on January 20, 2005. After a jury trial on the issue of liability, the defendant Sara Kohanfars was found to be 100% at fault in the happening of the accident. At a trial on the issue of damages, the plaintiff testified that she had previously injured her neck in a work-related accident in 1992 and had fusion surgery in February 1996, followed by six months of physical therapy; after that surgery, a followup MRI taken in 1996 revealed a bulging disc at level C4-5, but she had no further pain or treatment after May 1997. Following the subject automobile accident on January 20, 2005, the plaintiff experienced pain in her neck but did not seek treatment until her neck became stiff a couple of days later. She underwent physical therapy and took pain medication from 2005 through 2007 to treat her stiff neck, pain in her neck, arms, and hands, and numbness in her hands. She further testified that, on May 7, 2008, she had fusion surgery on her neck, after which she wore a neck collar for a couple of months. At the time of trial, she continued to take painkillers, receive medical treatment, and undergo physical therapy.

The plaintiff's orthopedic surgeon, Dr. Jonathan Lewin, testified that he started treating the plaintiff in December 2007. Dr. Lewin reviewed the operative report for the plaintiff's 1996 fusion surgery at the C5-6 disc level of her neck, but did not review any of the plaintiff's treatment records related to her 1992 work-related accident and 1996 surgery; he opined that the plaintiff had been successfully treated in 1996. Dr. Lewin reviewed a CAT scan taken in February 2005, about a month after the subject automobile accident, which showed degeneration at disc levels C4-5 and C6-7. Dr. Lewin ordered an MRI, which was taken in January 2008 and revealed a herniated disc in the plaintiff's neck. More than three years after the subject accident, on May 7, 2008, Dr. Lewin performed a discectomy, removing the herniated disc between C-4 and C-5 to take pressure off the nerve roots, and fused the spine. An MRI taken in July 2009 continued to show a bulging disc at the C6-7 level. Dr. Lewin testified that persons with prior fusion surgery had a 5-15% chance of needing a second surgery even without a subsequent accident, but that the plaintiff would not have needed the second fusion surgery if not for the subject accident. He further testified that the plaintiff had diminished motion in her spine which resulted in a consequential limitation in the use of her neck, and that he had performed range-of-motion testing during his examinations of the plaintiff but could not find any mention of such testing in his records.

After the jury verdict awarding damages to the plaintiff, the

defendants moved, inter alia, pursuant to CPLR 4404 to set aside the jury verdict on the issue of damages and for judgment as a matter of law on the issue of serious injury. The Supreme Court, among other things, denied that branch of the motion.

A court will grant a motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Vittiglio v Gaurino*, 100 AD3d 987 [2012]; *Linson v City of New York*, 98 AD3d 1002 [2012]). Here, viewing the evidence in the light most favorable to the plaintiff, no valid line of reasoning and permissible inferences could possibly lead rational persons to conclude that the plaintiff's alleged serious injury was causally related to the subject automobile accident (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Kilakos v Mascera*, 53 AD3d 527, 528-529 [2008]; *Ekundayo v GHI Auto Leasing Corp.*, 273 AD2d 346, 347 [2000]). Given the evidence of the plaintiff's previous injuries and degenerative condition at the time of the subject accident in 2005, the opinion of the plaintiff's expert, who first started treating the plaintiff nearly three years after the subject accident, that the plaintiff's injuries, as observed in 2008, were causally related to the subject accident in 2005, was speculative. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404 to set aside the jury verdict on the issue of damages and for judgment as a matter of law on the issue of serious injury (*see Kilakos v Mascera*, 53 AD3d at 529; *Ekundayo v GHI Auto Leasing Corp.*, 273 AD2d at 347; *cf. Germain v Irizarry*, 82 AD3d 833, 834-836 [2011]).

The parties' remaining contentions need not be addressed in light of our determination. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33559(U).]**