■ VIDYASAGAR LINGECHETTY, Respondent, v GEETA SHUKLA et al., Appellants. [980 NYS2d 800]—

In an action to recover damages for fraud, unjust enrichment, and breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Driscoll, J.), dated February 28, 2012, which denied the motion of the defendant Geeta Shukla pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against her on the causes of action alleging fraud and unjust enrichment, and for judgment as a matter of law, and (2) a judgment of the same court dated May 7, 2012, which, upon the jury verdict and the order, is in favor of the plaintiff and against the defendant Geeta Shukla in the principal sum of $390,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal by the defendants Shyam Shukla and All Season Restaurant Group, Inc., from the judgment is dismissed, as they are not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed on the appeal by the defendant Geeta Shukla, that branch of the motion of the defendant Geeta Shukla which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff on the cause of action alleging fraud and for judgment as a matter of law on that cause of action is granted, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Before granting a motion pursuant to CPLR 4404 (a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial" (*Michael H. Spector, AIA, P.C. v Billy Smith's Sport Ctr., Inc.*, 95 AD3d 967, 967 [2012] [internal quotation marks omitted]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Here, there is no valid line of reasoning or permissible inferences that could lead a rational person to the conclusion reached by the jury with respect to the cause of action alleging fraud. "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Contrary to the contention of the defendant Geeta Shukla, the record contains proof of scienter (*see Brown v Lockwood*, 76 AD2d 721, 731-732 [1980]). However, having admitted at trial that he failed to read a document that would have alerted him to a major discrepancy between the oral and written representations made to him, the plaintiff failed to establish the element of justifiable reliance (*see Shalam v KPMG LLP*, 89 AD3d 155, 159 [2011]; *Maines Paper & Food Serv. v Adel*, 256 AD2d 760, 761-762 [1998]; *88 Blue Corp. v Reiss Plaza Assoc.*, 183 AD2d 662, 664 [1992]; *see also Lewin Chevrolet-Geo-Oldsmobile v Bender*, 225 AD2d 916, 918 [1996]). Accordingly, the Supreme Court erred in denying that branch of Geeta Shukla's motion which was to set aside the verdict and for judgment as a matter of law with respect to the fraud cause of action (*see Giurdanella v Giurdanella*, 226 AD2d 342, 343 [1996]).

The Supreme Court properly denied that branch of Geeta Shukla's motion which was to set aside the verdict and for judgment as a matter of law on the cause of action alleging unjust enrichment. The evidence presented at trial demonstrated that Geeta Shukla was enriched at the plaintiff's expense, and that it would be against equity and good conscience to permit her to retain this benefit without compensating the plaintiff (*see Michael H. Spector, AIA, P.C. v Billy Smith's Sport Ctr., Inc.*, 95 AD3d at 968). Geeta Shukla's contention that the plaintiff is precluded from recovering based on an unjust enrichment theory because a contract governs the relevant subject matter is unpreserved for appellate review (*see Myers v Schaffer Grocery Corp.*, 281 AD2d 156, 157 [2001]).

In light of our determination, we need not address Geeta Shukla's remaining contention with respect to the fraud cause of action. Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.