Kellyman v Poch (2022 NY Slip Op 51242(U))

[*1]

Kellyman v Poch

2022 NY Slip Op 51242(U) [77 Misc 3d 132(A)]

Decided on November 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-800 K C

Lilleth Kellyman, Appellant,
against
Rossia Poch and Benjamin Poch, Respondents, and Bernice
Flickstein, Defendant. 

Georgaklis & Mallas, PLLC (Leslie D. Knight, Kostantinos Mallas and Greg
Lombardi of counsel), for appellant.
Sobel Pevzner, LLC (Aaron C. Gross of counsel), for respondents.
James G. Bilello & Associates, (no brief filed) for defendant.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Harriet L. Thompson, J.), entered November 1, 2017. The order granted a motion by
defendants Rossia Poch and Benjamin Poch, pursuant to CPLR 4404 (a), to set aside a
jury verdict against them on the issue of liability and dismiss so much of the complaint as
was asserted against them.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action in Supreme Court, Kings County, to recover
damages for injuries she sustained in a motor vehicle accident. The matter was
subsequently transferred to the Civil Court pursuant to CPLR 325 (d). Insofar as relevant
to this appeal, after the liability portion of the trial, the jury found defendants Rossia
Poch and Benjamin Poch (the Poch defendants), the owner and operator, respectively, of
the alleged offending vehicle, were responsible for the accident. Thereafter, the Poch
defendants moved, pursuant to CPLR 4404 (a), to set aside the jury verdict finding them
liable and for judgment as a matter of law, or, alternatively, for a new trial. The Civil
Court granted the motion and dismissed so much of the [*2]complaint as was asserted against the Poch defendants.
Plaintiff appeals.
A motion for judgment as a matter of law pursuant to CPLR 4404 (a) may be granted
only when the trial court determines that, upon the evidence presented, there is no valid
line of reasoning and permissible inferences which could possibly lead rational persons
to the conclusions reached by the jury upon the evidence presented at trial (see
Lingechetty v Shukla, 114 AD3d 832 [2014]; McDonald v Kohanfars, 106
AD3d 1058 [2013]; Michael H. Spector, AIA, P.C. v Billy Smith's Sports Ctr.,
Inc., 95 AD3d 967 [2012]; Tapia v Dattco, Inc., 32 AD3d 842 [2006]).
"When presented with such a motion, the trial court must afford the party opposing the
motion every inference which may properly be drawn from the facts presented, and the
facts must be considered in a light most favorable to the nonmovant" (Bacon v
Bostany, 104 AD3d 625, 627 [2013] [internal quotation marks omitted]; see
Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]).
Viewing the evidence in the light most favorable to plaintiff, there is no rational
process by which the jury could have found in her favor on the issue of whether the Poch
defendants were liable for the accident. Plaintiff testified that the offending vehicle was a
white or cream colored Jeep and the only evidence at trial with respect to the vehicle
owned by defendant Rossia Poch or driven by defendant Benjamin Poch was that it was
a blue compact car. Moreover, there was no evidence at trial establishing that plaintiff
recovered the license plate number of the offending vehicle and that it matched a vehicle
owned by Rossia Poch. In addition, there was no evidence at trial identifying defendant
Benjamin Poch as the driver of the offending vehicle. Thus, the Civil Court properly
granted the Poch defendants' motion.
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2022