| June v Kandel |
| :---: |
| 2025 NY Slip Op 32020(U) |
| June 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 162374/2019 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JAMES G. CLYNES                          PART          22

*Justice*

-------------------------------------------------------------------------X

JOYCE JUNE,

                     Plaintiff,

           - v -

KAMAL KANDEL, LUX CREDIT CONSULTANTS, LYFT
INC, OLUBUNMI A. JEGEDE, TOLUWANIMI TEMITOPE
JEGEDE

                    Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 162374/2019 |
| MOTION DATE | 06/03/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 103, 104, 105, 106, 107, 108, 109, 110, 111, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129

were read on this motion to/for             JUDGMENT - SUMMARY      .

      Upon the foregoing documents, the motion by Defendants Jegede for summary judgment on the grounds that Plaintiff has not sustained a serious injury under Insurance Law 5102 (d) is decided as follows:

      Plaintiff seeks recovery for injuries allegedly sustained as a result of an August 11, 2019 motor vehicle accident between a vehicle owned by Defendant Olubunmi A. Jegede and operated by Defendant Toluwanimi Temetope Jegede and a vehicle owned by Defendant Lux Credit Consultants and operated by Defendant Kamal Kandel, within which Plaintiff was a passenger. Plaintiff alleges in her Bill of Particulars that she suffered injuries to her cervical spine, lumbar spine, and left shoulder that fall into the serious injury categories set forth in Insurance Law 5102 (d), and that as a result of these injuries, she was confined to the hospital for one day.

      In support of their motion, Defendants submit a certified copy of the FDNY EMS-Prehospital Care Report, excerpts from the testimony of Plaintiff, the independent medical exam report by Dr. Jaylan R. Parikh, and the radiological review by Dr. Jeffrey Warhit.

162374/2019  JUNE, JOYCE vs. KANDEL, KAMAL
Motion No. 004

Page 1 of 6

Defendants contend that the EMS report indicates that Plaintiff's physical exam was normal with no focal neurological deficits with a final assessment of likely whiplash, and because of complaints of head and neck pain, a CT scan of the head/neck was performed and the impression was: "[n]o acute intracranial or cervical spine injury."

In the excerpts provided, Plaintiff testified that her doctors did not tell her not to ride her bike or do Pilates. She further testified that she works as a dentist with work hours from 9 am to 5 pm and is on her feet for more than 50% of the day.

Dr. Parikh, orthopedic surgeon, performed an independent orthopedic exam on Plaintiff on September 15, 2023. Dr. Parik measured Plaintiff's range of motion with a goniometer and compared his findings to normal values in accordance with both the NYS WC Guidelines and AMA Guidelines. Dr. Parikh reported normal range of motion as to Plaintiff's cervical spine, thoracic spine, lumbar spine, and right shoulder. Dr. Parikh concluded that Plaintiff's diagnoses of cervical spine sprain, thoracic spine sprain, and lumbar spine sprain were all resolved, and that Plaintiff is capable of performing all the tasks of daily living and maintaining full employment with no restrictions.

Dr. Warhit reviewed the MRIs of Plaintiff's lumbar spine, cervical spine, and left shoulder. Dr. Warhit reported degenerative changes throughout Plaintiff's lumbar spine and cervical spine. As to Plaintiff's lumbar spine, Dr. Warhit reported visualized lower thoracic spine with intervertebral disc space narrowing, anterior and posterior osteophyte formation and desiccation of the discs. He further noted that in view of these changes, the disc bulges at the L1-L2 and L3-L5 levels and disc herniation at the L5-S1 level appear degenerative. Dr. Warhit also reported no evidence of a traumatic injury to the lumbar spine. As to Plaintiff's cervical spine, he reported intervertebral disc space narrowing, anterior and posterior osteophyte formation and desiccation

**162374/2019  JUNE, JOYCE vs. KANDEL, KAMAL**
**Motion No.  004**

Page 2 of 6

of the discs. He also noted that in view of the associated degenerative changes, the disc bulging at the C3-C5 levels and the disc herniation at the C5-C6 level appear degenerative. Finally, he noted no evidence of a traumatic injury to the cervical spine. As to Plaintiff's left shoulder MRI review, Dr. Warhit reported no fracture, ligamentous, tendinous or full-thickness labral tears, Plaintiff's biceps tenosynovitis was without evidence of a traumatic etiology, and there was no evidence of a traumatic injury to the left shoulder.

In opposition, Plaintiff contends that there are multiple triable issues of fact that preclude the granting of summary judgment. Plaintiff contends that the medical documentation submitted demonstrates that there are conflicting conclusions between the medical experts' findings regarding: 1) the existence of a "loss in range of motion"; and 2) the parameters that should be used to determine what constitutes a "normal" range of motion. Plaintiff relies on, in pertinent part, the police accident report which identifies the parties, the examination before trial testimony of Plaintiff, physical therapy records by Christian Olivares PT, the certified medical records from Sanford Family Chiropractic, P.C., certified records by Dr. Jinghui Xie of Integrated Pain Management, the certified records by Dr. Hank Ross, and a report by Dr. Mark S. McMahon.

Plaintiff testified that as a result of the subject accident, she can no longer cycle, bicycle, take spin classes, weightlift, or run. She further testified that she has trouble performing extractions at work because she would have to twist her back.

The physical therapy records signed by Christian Olivares, PT, show that Plaintiff underwent physical therapy treatment beginning on August 11, 2019, and had sessions multiple days a week for about two months.

**162374/2019 JUNE, JOYCE vs. KANDEL, KAMAL**
**Motion No. 004**

**Page 3 of 6**

The records from Sanford Family Chiropractic, P.C. show that Plaintiff was initially examined on August 14, 2019, and continued treating there several times a week until October 8, 2019.

Dr. Xie performed a trigger point injection at Plaintiff's left trapezius muscle on October 16, 2019.

Dr. Ross reviewed Plaintiff's MRI evaluation results with her and reported that the MRI of Plaintiff's left shoulder showed a focal tear posterior glenoid labrum, biceps tenosynovitis, and subacromial bursitis.

Dr. McMahon measured Plaintiff's range of motion with a goniometer and reported limitations and positive orthopedic tests. Specifically, Dr. McMahon reported a five-degree limitation to her left shoulder elevation and positive Hawkin and Neer signs. As to her cervical spine, Dr. McMahon reported a forty-degree limitation to her extension, a twenty-five-degree limitation to her right bend, and a ten-degree limitation to her left bend. As to her lumbar spine, Dr. McMahon reported a five-degree limitation to her flexion, a fifteen-degree limitation to her extension, a fifteen-degree limitation to her left bend, a five-degree limitation to her right bend, and a positive straight leg raising sign on the left. Dr. McMahon diagnosed disc herniations and bulges in Plaintiff's cervical spine that necessitated left trapezial trigger point injections. He also diagnosed disc bulges and herniations in Plaintiff's lumbar spine. As to Plaintiff's left shoulder, Dr. McMahon diagnosed Plaintiff with a focal tear of the mid-portion of the labrum, mild long head of the biceps tenosynovitis, and mild subacromial bursitis and glenohumeral joint effusion, which necessitated a subacromial space injection of cortisone. Dr. McMahon found that these injuries were a result of the subject motor vehicle accident. Dr. McMahon reported that Plaintiff's prognosis to be poor and her condition was permanent.

162374/2019  JUNE, JOYCE vs. KANDEL, KAMAL
Motion No. 004

Page 4 of 6

[* 4]

In reply, Defendants contend that Plaintiff's treating physical therapist diagnosed her with sprains, which are not serious injuries, and she was also diagnosed with radiculopathy, which alone is not a serious injury. Defendants further contend that Plaintiff completed only seven weeks of physical therapy and chiropractic treatment, received one cortisone shot to her shoulder given by Dr. Ross, and has had no treatment since November 2019.

Defendants made a prima facie showing that Plaintiff did not sustain a serious injury through their submission which showed normal ranges of motion, negative orthopedic tests, and resolved sprains (*Antepara v Garcia*, 194 AD3d 513 [1st Dept 2021]). Defendants also met their burden with respect to Plaintiff's claimed injuries to her cervical spine and lumbar spine by submitting the report of a radiologist, who found that Plaintiff's post-accident MRIs showed preexisting degenerative changes not causally related to the accident (*Gordon v Hernandez*, 181 AD3d 424 [1st Dept 2020]).

In opposition, Plaintiff raised an issue of fact as to her claim of "significant" limitation of use of her cervical spine, lumbar spine, and left shoulder (*Arias v Martinez*, 176 AD3d 548, 549 [1st Dept 2019]). Given Plaintiff's relatively young age at the time of the accident and the lack of any evidence of prior treatment, prior injuries, or pre-existing degeneration in her own medical records, the opinions of her treating medical professionals as well as the opinion of Dr. McMahon were sufficient to raise an issue of fact as to causation *(Blake v Cadet*, 175 AD3d 1199, 1200 [1st Dept 2019]; *Fathi v Sodhi*, 146 AD3d 445, 446 [1st Dept 2017]). However, since Plaintiff offered no explanation for the gap in her treatment, she failed to raise an issue of fact as to whether she sustained any injury in the "permanent consequential" limitation of use category (*Bianchi v Mason*, 179 AD3d 567, 568 [1st Dept 2020]; *see also Blake*, 175 AD3d at 1200).

**162374/2019  JUNE, JOYCE vs. KANDEL, KAMAL**
**Motion No. 004**

Page 5 of 6

With regard to the 90/180 days category claimed under Insurance Law 5102 (d), a plaintiff must submit objective medical evidence to establish a claim, namely that s/he was prevented from performing substantially all usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*Elias v Mahlah*, 58 AD3d 434 [1st Dept 2009]). Here, Plaintiff did not submit any objective medical evidence of a substantial physical limitation during the requisite time period. Plaintiff's subjective complaints of pain and limitation, without more, do not rise to the level of a "serious injury" within this category of Insurance Law 5102 (d). Therefore, Defendants' motion for summary judgment is granted under the 90/180 days category. Accordingly, it is

**ORDERED** that the motion by Defendants Jegede for summary judgment on the grounds that Plaintiff has not sustained a serious injury under Insurance Law 5102 (d) is denied except as to the permanent consequential limitation of use and the 90/180 days categories of Insurance Law 5102 (d); and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon all Defendants with Notice of Entry.

This constitutes the Decision and Order of the Court.

|  |  |  |
|---|---|---|
| __6/5/2025__ <br> DATE | | __JAMES G. CLYNES, J.S.C.__ |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED  ☐ DENIED | ☒ GRANTED IN PART  ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE |

162374/2019  JUNE, JOYCE vs. KANDEL, KAMAL
Motion No. 004

Page 6 of 6